UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KENNETH S. WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> J. RAY ORMOND, Warden, ) <br> ) <br> Respondent. ) <br> ) | Civil No. 6:18-cv-00179-GFVT <br><br><br> **MEMORANDUM OPINION <br> & ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Kenneth S. Williams is an inmate at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Williams's petition.

In 2000, a jury convicted Williams of multiple federal crimes, including engaging in a continuing criminal enterprise, distribution of cocaine and cocaine base, and conspiracy to use a firearm during a drug trafficking crime. *See United States v. Kenneth Williams*, No. 1:99-cr-125-KMM at R. 706 (S.D. Fla. 2000). The trial court sentenced Williams to life in prison. *See id.* at R. 780. Williams filed a direct appeal, but the United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentence. *See id.* at R. 1021. Williams's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 and reduce his sentence pursuant to 18 U.S.C. § 3582(c) were unsuccessful.

Williams has now filed a § 2241 petition with this Court. [R. 1]. Williams claims in his petition that the trial court sentenced him as a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because it determined that he had two prior felony

convictions for crimes of violence, including a conviction in Florida for battery on a law enforcement officer. Williams argues that, in light of recent United States Supreme Court case law, including *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior Florida conviction is no longer a valid predicate offense for purposes of the career-offender enhancement. Thus, Williams argues that this Court should "vacate his current sentence" and "schedule a new hearing so that he can be re-sentenced without the application as a career offender." [R. 1-3 at 21].

Even if this Court assumes that Williams can collaterally attack his underlying sentence in a § 2241 petition, his argument is simply without merit. That is because Williams was not actually sentenced as a career offender, as the Government thoroughly explains in its response brief. [R. 15]. The United States Court of Appeals for the Eleventh Circuit also made this clear when it denied Williams's application for leave to file a second or successive § 2255 motion. [R. 15-2]. As the Eleventh Circuit explained:

> Contrary to [Williams's] assertion, he was not sentenced as a career offender. According to the presentence investigation report, although he qualified for the career offender enhancement, because his offense level was already greater than the offense level for career offenders, the enhancement did not apply. Moreover, he was in the highest criminal history category regardless of his career offender status.

[R. 15-2 at 3-4]. Since the trial court did not rely on the career offender enhancement when it imposed Williams's sentence, his § 2241 petition does not even get off the ground.

Accordingly, it is **ORDERED** as follows:

1. Williams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 7th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge